IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOUTHERN CROSS GROUP, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. _____ ) |
| SOUTHERN CROSS CAPITAL (USA), INC., | ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Southern Cross Group, LLC ("Southern Cross" or "Plaintiff"), for its Complaint against Defendant, Southern Cross Capital (USA), Inc. ("SCC" or "Defendant"), hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for service mark infringement and unfair competition arising under the Federal Trademark Act of 1946, 15 U.S.C. §§ 1051 et. seq., as amended ("Lanham Act").

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a).

3. Venue in proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

### THE PARTIES

4. Southern Cross is a Delaware Limited Liability Company with a place of business at 41 West Putnam Avenue, Second Floor, Greenwich, Connecticut 06830.

5. Upon information and belief, SCC is a corporation organized and existing under the laws of the State of Delaware with a place of business at 33 Riverside Avenue, Westport, Connecticut 06880.

## BACKGROUND

6. Southern Cross is an investment firm which was founded in 1997 with a focus on investing and managing investments in Latin America.

7. On February 2, 1998, Southern Cross filed an application for registration of its **SOUTHERN CROSS** mark in the United States Patent and Trademark Office. On February 26, 2002, the **SOUTHERN CROSS** mark was registered in the United States Patent and Trademark Office on the Principal Register for the use of the mark in association with investment consultation, investment advice, investment management and investment of funds for others, all in relation to private funding in privately owned and publicly held entities. A copy of United States Service Mark Registration No. 2,543,202 is attached hereto as Exhibit A. This registration is valid and subsisting.

8. Southern Cross or its affiliates manage three private equity funds:

(a) Southern Cross Latin America Private Equity Fund, L.P., established in February of 1998;

(b) Southern Cross Latin America Private Equity Fund II, L.P., established in April of 2003; and

(c) Southern Cross Latin America Private Equity Fund III, L.P., established in December of 2006.

9. Southern Cross uses and promotes its name and mark on its website, www.southerncrossgroup.com, on presentation materials used during meeting with potential

investors and on Information Memoranda issued to sophisticated investors on an individual basis.

10. Upon information and belief, SCC was formed in 2005.

11. Upon information and belief, SCC is a private investment advisory firm for the Oppenheimer family of South America and London and its wholly-owned entities.

12. In a press release dated January 28, 2007, Laureate Education, Inc. ("Laureate"), an international provider of education services, announced that it had entered into a definitive agreement to be acquired by an investor group led by Douglas L. Becker, Chairman and Chief Executive Officer of Laureate, and consisting of a consortium including, among others, "Southern Cross Capital." A copy of this press release is attached hereto as Exhibit B.

13. Additional press coverage of the Laureate acquisition reported that some 60% of Laureate's revenue for the year 2006 was derived from its operations in Latin America.

14. By letter dated March 21, 2007, Southern Cross advised SCC that its use of "Southern Cross" in connection with investment advisory services has caused and will continue to cause confusion with Southern Cross's use of its trade name and registered service mark.

15. By letter dated April 16, 2007, SCC responded that there was no actionable likelihood of confusion based upon its use of "Southern Cross Capital."

16. By letter dated May 29, 2007, Southern Cross requested SCC to agree to discontinue SCC's use of "Southern Cross Capital" by a date certain or face resolution of the dispute through litigation. To date, SCC has not responded to that letter and press coverage of SCC's involvement in the Laureate acquisition has continued, appearing as recently as September 21, 2007.

17. SCC's use of "Southern Cross Capital" in connection with investment advisory services has caused confusion and is likely to continue to cause confusion in the relevant investment community as to the source of SCC's services. SCC will persist in such use to the irreparable injury of Southern Cross unless permanently enjoined by this Court.

## FIRST CAUSE OF ACTION
### (SCC's Infringement of the Federally Registered SOUTHERN CROSS Mark)

18. Southern Cross hereby realleges, as if fully set forth, the allegations of paragraphs 1 through 17, above.

19. SCC's acts alleged herein are without the permission or authority of Southern Cross and are likely to cause confusion, to cause mistake and to deceive, thereby constituting infringement of Southern Cross's federally registered **SOUTHERN CROSS** mark in violation Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

20. At least as early as March 21, 2007, Southern Cross gave SCC actual notice of its federal service mark registration of **SOUTHERN CROSS**. Southern Cross has requested that SCC discontinue its acts that are causing infringement of such registered mark but SCC has failed to do so.

21. The acts of SCC alleged herein have caused, and are causing, substantial and irreparable harm to Southern Cross and, unless permanently enjoined by this Court, said irreparable harm will continue.

## SECOND CAUSE OF ACTION
### (Violation of Lanham Act by Use of False Designation)

22. Southern Cross hereby realleges, as if fully set forth, the allegations of paragraphs 1 through 17, above.

23. SCC's use of the name "Southern Cross Capital" in interstate commerce in connection with investment advisory services is a false designation of origin which is likely to

cause confusion, to cause mistake and to deceive as to the affiliation, connection or association of SCC with Southern Cross and as to the origin, sponsorship, or approval of SCC's investment advisory services by Southern Cross. SCC's acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that SCC has used in connection with such services a false designation of origin which is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection or association of SCC with Southern Cross and as to the origin, sponsorship, or approval of such services by Southern Cross.

24.     The acts of SCC alleged herein have caused, and are causing, substantial and irreparable harm to Southern Cross and, unless permanently enjoined by this Court, said irreparable harm will continue.

**WHEREFORE**, Plaintiff prays for a judgment in its favor and against Defendant as follows:

1.     That this Court grant a permanent injunction pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116, enjoining and restraining Defendant and each of its officers, directors, agents, servants, employees and representatives, and those persons in active concert or participation with them, from directly or indirectly using "Southern Cross Capital" or any other mark or name similar to Plaintiff's mark and name which is likely to cause confusion, mistake or to deceive;

2.     That Defendant be directed to file with this Court and to serve upon Plaintiff within fifteen (15) days after service upon Defendant of this Court's injunction issued in this action, a written report by Defendant under oath setting forth in detail the manner in which Defendant has complied with such injunction;

3.  That Plaintiff recover its reasonable attorneys' fees pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117;

4.  That Plaintiff recover its taxable costs and disbursements herein; and

5.  That Plaintiff have such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com
  *Attorneys for Plaintiff Southern Cross Group, LLC*

OF COUNSEL:

Joseph A. Calvaruso
Peter Bucci
Kimberly Giuliano
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY 10112
(212) 408-5100

November 2, 2007
1299756

# EXHIBIT A

Case 1:07-cv-00692-JJF     Document 1-2     Filed 11/02/2007     Page 1 of 6

Int. Cl.: 36

Prior U.S. Cls.: 100, 101, and 102

**United States Patent and Trademark Office**

Reg. No. 2,543,202
Registered Feb. 26, 2002

## SERVICE MARK
### PRINCIPAL REGISTER

## SOUTHERN CROSS

SOUTHERN CROSS GROUP, L.L.C. (DELAWARE LIMITED LIABILITY COMPANY)
TWO GREENWICH PLAZA
GREENWICH, CT 06830

 FOR: INVESTMENT CONSULTATION, INVESTMENT ADVICE, INVESTMENT MANAGEMENT AND INVESTMENT OF FUNDS FOR OTHERS ALL IN RELATION TO PRIVATE FUNDING IN PRIVATELY OWNED AND PUBLICLY HELD ENTITIES, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 11-0-1997; IN COMMERCE 12-0-1997.

SN 75-427,308, FILED 2-2-1998.

MARTHA FROMM, EXAMINING ATTORNEY

# EXHIBIT B



**NEWS & INFORMATION**

# Laureate Education, Inc. Enters into Agreement to Be Acquired by Its Founder/CEO and Investor Consortium for $60.50 Per Share in Cash

Transaction Valued at Approximately $3.8 Billion

BALTIMORE--(BUSINESS WIRE)--Jan. 28, 2007--Laureate Education, Inc. (NASDAQ: LAUR), the world's leading international provider of higher education, today announced that it has entered into a definitive agreement under which an investor group will acquire Laureate in an all cash transaction for $60.50 per share, or an aggregate value of approximately $3.8 billion. The investor group is led by Douglas L. Becker, Chairman and Chief Executive Officer of Laureate, and consists of a consortium including Kohlberg Kravis Roberts & Co. (KKR); Citigroup Private Equity; S.A.C. Capital Management, LLC; SPG Partners; Bregal Investments; Caisse de depot et placement du Quebec; Sterling Capital; Makena Capital; Torreal S.A.; and Southern Cross Capital.

A Special Committee of independent directors of the Laureate Board of Directors recommended the transaction to Laureate's Board. The Special Committee believed that it was maximizing shareholder value by selling Laureate now at a significant and attractive valuation multiple. The Board unanimously approved the transaction. The transaction is expected to close at the end of the second quarter of 2007, subject to shareholder approval and approval under the Hart-Scott-Rodino Act, as well as the satisfaction of customary closing conditions for transactions of this type.

Mr. Becker said: "Laureate is a leader in the international higher education market and I am very proud of the company we have built. Every day, around the world, 25,000 Laureate employees eagerly help over 240,000 students realize their potential, prepare for successful careers and achieve their dreams. I am pleased to say that our new investors share this passion.

"We see many exciting opportunities ahead for Laureate and we fully intend to keep operating the company as we have in the past. We will remain headquartered in Baltimore and our valued senior management team will be asked to stay on board. We also will continue to provide the same high quality level of service and the wide range of programs our students have come to expect."

Mr. Becker first approached Laureate's Board with a conditional proposal in September 2006. At that time, consistent with its fiduciary responsibilities, the Board formed a Special Committee of independent directors to consider Mr. Becker's proposal and to determine whether to enter into discussions with him. After engaging independent financial and legal advisors, the Special Committee authorized Mr. Becker to begin discussions with other potential financial partners to secure a higher offer.

Subsequently, Mr. Becker presented three other offers to the Board before the Special Committee recommended, and the Board accepted, the $60.50 per share proposal, which represented a premium of 23% over the closing price of Laureate's common stock on Thursday, January 4, 2007, the day before the Special Committee authorized its advisors to begin negotiation of a definitive agreement at a price of $60.50 per share. The $60.50 per share represents a multiple of 33.8x Laureate's trailing 12 months earnings per share from continuing operations as of September 30, 2006, and a premium of almost 20% over the last 30-day average closing prices of Laureate common stock.

Mr. Becker added: "I am very pleased to be joined by an outstanding group of investors, many of whom I have known and worked with in the past. These investors are known for partnering with management to help build and grow businesses with sustainable value - they possess extensive international experience, share a long-term view and are capable of investing substantial additional resources."

The agreement includes a "go shop" provision, allowing the Special Committee to solicit, receive and evaluate superior proposals over the next 45 days with cooperation from Mr. Becker and Laureate management. In accordance with the agreement, the Special Committee, with the assistance of its independent advisors, intends to actively solicit superior proposals during this period. There is no assurance that the "go shop" provision will result in a higher offer. Laureate and the Special Committee do not intend to disclose developments with respect to the solicitation process unless and until the Special Committee and the Board have made a decision.

The equity investment for the transaction will be contributed by the investors, including Mr. Becker, and debt

financing will be provided by Citigroup Corporate and Investment Banking and Goldman Sachs. Morgan Stanley and Merrill Lynch & Co. served as financial advisors to the Special Committee of Laureate's Board and provided fairness opinions to the Special Committee. Pillsbury Winthrop Shaw Pittman LLP served as the Special Committee's legal advisor and DLA Piper US LLP served as legal advisor to Laureate. Citigroup Corporate and Investment Banking and Goldman Sachs served as financial advisors to Mr. Becker and the investor group and Simpson Thacher & Bartlett LLP and Katten Muchin Rosenman LLP provided legal counsel.

About Laureate Education, Inc.

Laureate Education, Inc. (NASDAQ: LAUR) is focused on providing a superior university experience to over 240,000 students through the leading global network of accredited campus-based and online universities. Addressing the rapidly growing global demand for higher education, Laureate offers a broad range of career-oriented undergraduate and graduate programs through campus-based universities located in Latin America, Europe, and Asia. Through online universities, Laureate offers the growing population of non-traditional, working-adult students the convenience and flexibility of distance learning to pursue undergraduate, master's and doctorate degree programs in major career fields including engineering, education, business, and healthcare. For more information, please visit our website, www.laureate-inc.com.

Forward-Looking Statements

This release includes information that could constitute forward-looking statements made pursuant to the safe harbor provision of the Private Securities Litigation Reform Act of 1995. Any such forward-looking statements may involve risk and uncertainties. Although the Company believes that the expectations reflected in such forward-looking statements are based upon reasonable assumptions, the Company's actual results could differ materially from those described in the forward-looking statements.

The following factors might cause such a difference:

- The Company's operations can be materially affected by competition in its target markets and by overall market conditions, among other factors.
- The Company's foreign operations, in particular, are subject to political, economic, legal, regulatory and currency-related risks.

Certain additional factors could affect the outcome of the matters described in this press release. These factors include, but are not limited to, (1) the occurrence of any event, change or other circumstances that could give rise to the termination of the merger agreement; (2) the outcome of any legal proceedings that may be instituted against Laureate and others following announcement of the merger agreement; (3) the inability to complete the merger due to the failure to obtain stockholder approval or the failure to satisfy other conditions to completion of the merger, including the receipt of stockholder approval and expiration of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976; (4) the failure to obtain the necessary debt financing arrangements set forth in commitment letters received in connection with the merger; (5) risks that the proposed transaction disrupts current plans and operations and the potential difficulties in employee retention as a result of the merger; (6) the ability to recognize the benefits of the merger; (7) the amount of the costs, fees, expenses and charges related to the merger and the actual terms of certain financings that will be obtained for the merger; and (8) the impact of the substantial indebtedness incurred to finance the consummation of the merger. Many of the factors that will determine the outcome of the subject matter of this press release are beyond Laureate's ability to control or predict. Laureate undertakes no obligation to revise or update any forward-looking statements, or to make any other forward-looking statements, whether as a result of new information, future events or otherwise.

Additional information regarding these risk factors and uncertainties is detailed from time to time in the Company's filings with the Securities and Exchange Commission, including but not limited to our most recent Forms 10-K/A and 10-Q, available for viewing on our website. (To access this information on our website, www.laureate-inc.com, please click on "Investor Relations", "SEC Filings").

Important Additional Information Will Be Filed With the SEC

In connection with the proposed merger agreement, Laureate will file a proxy statement with the Securities and Exchange Commission. Investors and security holders are advised to read the proxy statement when it becomes available, because it will contain important information about the merger and the parties thereto. Investors and security holders may obtain a free copy of the proxy statement (when available) and other documents filed by Laureate at the Securities and Exchange Commission's Web site at http://www.sec.gov. The proxy statement and such other documents may also be obtained for free from Laureate by directing such request to Laureate Education,

Inc., Office of Investor Relations, 1001 Fleet Street, Baltimore, Maryland 21202, telephone (410) 843-6394.

Laureate and its directors, executive officers and other members of its management and employees may be deemed to be participants in the solicitation of proxies from its stockholders in connection with the proposed merger. Information concerning the interests of Laureate's participants in the solicitation, which may be different than those of Laureate stockholders generally, is set forth in Laureate's proxy statements and Annual Reports on Form 10-K, previously filed with the Securities and Exchange Commission, and in the proxy statement relating to the merger when it becomes available.

CONTACT: Laureate Education:
Rosemarie Mecca, 410-843-8070
Chief Financial Officer
or
Chris Symanoskie, 410-843-6394
Director, Investor Relations
christopher.symanoskie@laureate-inc.com
or
For the Special Committee:
The Abernathy MacGregor Group
Chuck Dohrenwend/Kenny Juarez, 212-371-5999
cod@abmac.com
kwj@abmac.com
or
Investor Consortium:
Kekst and Company
Ruth Pachman/Molly Morse
212-521-4891/212-521-4826
ruth-pachman@kekst.com
molly-morse@kekst.com

SOURCE: Laureate Education, Inc.

"Safe Harbor" Statement under the Private Securities Litigation Reform Act of 1995: Statements in this press release regarding Laureate Education, Inc.'s business which are not historical facts are "forward-looking statements" that involve risks and uncertainties. For a discussion of such risks and uncertainties, which could cause actual results to differ from those contained in the forward-looking statements, see "Risk Factors" in the Company's Annual Report or Form 10-K for the most recently ended fiscal year.

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Southern Cross Group, LLC

## DEFENDANTS
Southern Cross Capital (USA), Inc.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jack B. Blumenfeld, MORRIS, NICHOLS, ARSHT & TUNNELL LLP,
1201 North Market Street, P.O. Box 1347,
Wilmington, DE 19899-1347, (302) 658-9200

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / Habeas Corpus: | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| | / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Section 1051, et. seq.
Brief description of cause: Action for violation of the Lanham Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: November 2, 2007
SIGNATURE OF ATTORNEY OF RECORD: /s/ Julia Heaney

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____07-692_____

FILED
CLERK, U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2007 NOV -2 PM 12:00

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___2___ COPIES OF AO FORM 85.

NOV 0 2 2007

_____          _____/s/ Charles E. Jarmon_____
(Date forms issued)               (Signature of Party or their Representative)

                                  _____Charles E. Jarmon_____
                                  (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action